IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

REBECCA L. COLLINS,

    Plaintiff,

vs.

MICHAEL K. ALLEN, *et al.,*

    Defendants.

Case No. 1:04-cv-572

Chief District Judge Sandra S. Beckwith
Magistrate Judge Timothy S. Black

**REPORT AND RECOMMENDATION[1] THAT:**

**(1) PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM SHOULD BE GRANTED IN PART AND DENIED IN PART, TO WIT:**

    **(i)   DISMISSING COUNT ONE FOR ATTEMPTED EXTORTION;**
    **(ii)  DISMISSING COUNT TWO FOR FRIVOLOUS CONDUCT;**
    **(iii) DISMISSING COUNT THREE FOR RULE 11 VIOLATIONS;**
    **(iv) NOT DISMISSING COUNT FOUR FOR DEFAMATION; AND**
    **(v)  DISMISSING COUNT FIVE FOR TORTIOUS INTERFERENCE.**

**AND**

**(2) PLAINTIFF'S MOTION TO STRIKE THE INTRODUCTION TO THE COUNTERCLAIM SHOULD BE GRANTED.**

_____

This civil case presents claims for sexual harassment and retaliation brought by a former Hamilton County Assistant Prosecutor ("Collins") against the former Hamilton County Prosecutor ("Allen") and Hamilton County.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Now before the Court for resolution is plaintiff's motion to dismiss Allen's five count counterclaim and a motion to strike Allen's six page "Introduction" to his counterclaim (doc. 16), to which Allen has filed his memorandum *contra* (doc. 24), plaintiff her reply memorandum (doc.27), and Allen his surreply (doc. 28, att. 1)..

Because the motion to dismiss is a potentially dispositive motion, the undersigned presents herein his report and recommendation to the district judge. Although the motion to strike is not a dispositive motion, the undersigned also acts upon it by way of a report and recommendation in order not to impact the counterclaim before the district judge rules upon the motion to dismiss the counterclaim.

I. COUNTS ONE, TWO, THREE, AND FIVE OF ALLEN'S COUNTERCLAIM SHOULD BE DISMISSED.

    A. Count One for Attempted Extortion Should Be Dismissed.

The law is absolutely clear that a threat to file a civil lawsuit absent payment of a settlement does not constitute the criminal offense of attempted extortion. *Heights Community Congress v. Smythe, Cramer Co.*, 862 F. Supp. 204, 207 (N.D. Ohio 1994) ("A threat to sue unless an individual agrees to a settlement 'does not constitute a criminal act' ... [A] threat to sue does not constitute extortion within the meaning of Ohio Rev. Code § 2905.11(A). ") (quoting *American Nursing Care of Toledo v. Leisure*, 609 F. Supp. 419, 430 (N.D. Ohio 1984)); *see also McGee v. East Ohio Gas Co.*, 111 F. Supp. 2d 979, 988 (S.D. Ohio 2000); *United States v. Pendergraft*, 297 F.3d 1198, 1206 (11th Cir. 2002) (citations omitted); *United States v. Enmons*, 410 U.S. 396 (1973); *State v. Barger*, 111 Ohio St. 448 (1924).

Even the threat to file a meritless lawsuit is not extortion. *Tilberry v. McIntryre*, 135 Ohio App. 3d 229, 241 (8th Dist. Cuyahoga County 1999) ("It is well settled ... that a threat to pursue a civil action, even if such action would be entirely frivolous or brought in bad faith, does not constitute extortion."); *see also I.S. Joseph Co., Inc. v. J. Lauritzen A/S*, 751 F.2d 265, 267-68 (8th Cir. 1984).

The several courts which have faced the issue hold uniformly that it would be "absurd" to conclude that extortion includes threatening litigation. *Heights Community Congress v. Smythe, Cramer Co.*, 862 F. Supp. 204, 207 (N.D. Ohio 1994) ("entirely absurd"); *McGee v. East Ohio Gas Co.*, 111 F. Supp. 2d 979, 988 (S.D. Ohio 2000).

Defendant Allen seeks to avoid the settled law by positing that plaintiff's alleged criminal act was not the threat to file litigation but rather the threat to go public. This is a distinction without a difference, however. The court in *Heights Community Congress v. Smythe, Cramer Co., supra*, faced similar sophistry and rejected it out of hand. 862 F.Supp. 204, 205-206.

There is no basis in the law for defendant's purported counterclaim for attempted extortion. It should be dismissed.

B. Count Two for Frivolous Conduct Should Be Dismissed.

Allen has withdrawn the second count of his counterclaim for frivolous conduct. The withdrawal of this count reflects the clear state of the law that provides no basis for the claim. The statute barring frivolous conduct, Ohio Revised Code § 2323.51, is a state procedural law that has no application in federal court. *First Bank of Marietta v. Hartford Underwriters Insurance Company*, 307 F.3d 501, 529 (6th Cir. 2002) (citing *Ghane v. Parivash Manouchehri*, C2-95-737 (S.D. Ohio July 16, 1999 (Holschuh, J.)) and *Combs v. Foster*, C-3-95-477 (S.D. Ohio Mar. 15, 1999 (Rice, J.))).

C. Count Three for Rule 11 Violations Should Be Dismissed.

Allen has also withdrawn the third count of his counterclaim alleging violations of Rule 11 of the Federal Rules of Civil Procedure. The withdrawal of this count reflects the clear state of the law that a violation of Rule 11 does not constitute a separate cause of action. *United States v. Articles of Drug, et al.*, 601 F.Supp. 392, 398 (D. Nebraska 1984) ("Rule 11 obviously does not create an independent cause of action."); *Lenoir v. Tannehill*, 660 F. Supp. 42, 44 (S.D. Mississippi 1986) ("It appears clearly beyond question that Rule 11 by its express terms only permits an attorney procedurally to raise a claim for sanctions through a motion.").

D. Count Four for Defamation Should Not Be Dismissed.

In count four of the counterclaim, Allen seeks to hold Collins liable for defamation. This claim survives dismissal under Rule 12(b)(6).

"Defamation is defined as a false publication 'causing injury to a person's reputation, or exposing him to public hatred, contempt, ridicule, shame or disgrace, or adversely in his trade or business.'" *Snyder v. AG Trucking, Inc.*, 57 F.3d 484, 489 (6th Cir. 1995) (citing *Matalka v. Lagemann*, 486 N.E.2d 1220, 1222 (Ohio App. 1985)).

Allen alleges that Collins' statements to the *Cincinnati Enquirer* and reported

publically by it on September 5, 2004 are defamatory. In accordance with Fed. R. Civ. P. 10(c), Allen has included as an exhibit to his counterclaim the news article of 9/5/04 in which Allen claims Collins defamed him. The very first sentence of the article states that: "Collins said that Allen ... often reminded of her of his motto: 'Lie and deny.'" If such statement is false, Collins might be liable for defamation. Thus, count four of the counterclaim should not be dismissed.

> E. Count Five for Tortious Interference With Business Relations Should Be Dismissed.

The tort of wrongful interference with business relations arises when a person causes a third person not to enter into or continue a business relation with another. *A & B-Abell Elevator Co. v. Columbus/Central Ohio Bldg. & Constr. Trades Council*, 73 Ohio St.3d 1, 14 (1995); *Diamond Wine & Spirits v. Dayton Heidelberg Distrib. Co.*, 148 Ohio App.3d 596, 604 (2002). The defendant must cause a third person to refuse to continue doing business with the plaintiff. *Id.*

Here, Allen does not allege that a single third person ended its relationship with Allen as a result of Collins' claims. Instead, Allen alleges that he unilaterally resigned from several business relationships. In the absence of any allegation that a third party initiated the end of its relationship with Allen (and not vice-versa), no claim for tortious interference lies. Accordingly, count five of the counterclaim should be dismissed.

> G. Collins' Acceptance of Allen's Offer of Judgment Did Not Extinguish Allen's Counterclaim.

On January 31, 2005, Collin accepted Allen's Offer of Judgment (doc. 21), and the Court entered judgment (doc. 26). Although the Allen's Offer of Judgment (doc. 21 att. 1) makes no mention of Allen's counterclaim against Collins, Collins now argues that Allen's counterclaim is extinguished by the Judgment.

Rule 68 simply does not authorize a defendant to offer a judgment on a counterclaim. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 350 (1981). As a federal court of appeals explains: "Rule 68, by its terms, applies to offers made by a 'party defending against a claim.'" Fed R. Civ. P. 68. The rule has no application to offers by a party who brings a claim." *Simon v. Intercontinental Transport*, 882 F.2d 1435, 1438 (9th Cir. 1989) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 350 (1981)).

Thus, in the present case, only Collins, as the party defending against the counterclaim, enjoys the ability to offer judgment upon the counterclaim. Allen's offer of

judgment was, by law, an offer on the claims against which he was defending; his offer cannot at law be deemed to have included judgment on his counterclaim. Thus, the offer and acceptance of judgment in this case does not extinguish Allen's counterclaim and is not a basis for its dismissal.

II. COLLINS' MOTION TO STRIKE ALLEN'S SIX PAGE "INTRODUCTION" TO THE COUNTERCLAIM SHOULD BE GRANTED.

Clearly, "the federal courts do not provide a forum for mudslinging, name calling and 'privileged' defamation." *Morales v. Digital Equipment Corp.*, 669 F.Supp. 1173, 1187 (D. P.R. 1987). A pleading "replete with observations and gossip about the private lives of various persons, including some who are not parties to the litigation" is ripe for striking under Federal Rule 12(f) of the Federal Rules of Civil Procedure. *Williams v. Boeing Co.*, 1992 WL 221749 (D. Kan. 1992) ("While the motivations of the defendants are certainly relevant to some of the issues presented by the complaint, the plaintiff does not have license, under the guise of 'painting the picture' of the litigation, to use the federal courts as a forum to expose the private lives and foibles of [others].").

While motions to strike under Rule 12(f) are generally disfavored, *see Federal Deposit Ins. Corp. v. Niver*, 685 F.Supp. 766, 768 (D. Kan. 1987), "it has always been understood that the district court enjoys 'liberal discretion' thereunder." *Stanbury Law Firm, P.A. v. Internal Revenue Service*, 221 F.3d 1059, 1063 (8th Cir. 2000). Thus, "the Court possesses considerable discretion in deciding a motion to strike." *Morales v. Digital, supra*, 699 F.Supp. at 1186. Indeed, Rule 12(f) motions to strike are typically disfavored because they seek "the drastic remedy" of striking substantive claims. *See generally* 2 *Moore's Federal Practice* § 12.37[1] (3d ed. 2000). Here, however, the striking sought is not "drastic" as no substantive claim of Allen's will be impacted.

In the six page "Introduction" to the counterclaim, Allen attacks Collins' character and details allegations of sexual relationships Collins has had with five other men. Allen justifies his smearing of Collins because she allegedly "put her reputation into question when she filed her frivolous sexual harassment claim," citing Federal Rule of Evidence 412(b)(2).

Ironically, it is Federal Rule of Evidence 412(c) which causes the Court to look upon Allen's "Introduction" with such disfavor. That is, F. R. Evid. 412(c) specifically requires a party to proffer evidence of a victim's sexual behavior or predisposition <u>under seal</u> to the Court, whereupon the Court then conducts an <u>in camera</u> review, giving the victim a chance to be heard, while the record remains sealed unless and until the court rules otherwise. Here, Allen has ignored the clear intent of the law to protect a victim from public revelations of her 'other' sexual conduct until an independent court has

-5-

determined whether or not the conduct is admissible. Rather than abide by this rule, Allen unloads his venom in a narrative recounting of Collins' alleged past sexual exploits. Moreover, the narrative, story-telling style of the presentation is in clear derogation of the requirements of Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure.

While the undersigned is cognizant that some of the "Introduction" may provide some modicum of "context and background" to the counterclaim, on balance, the undersigned finds that the "Introduction" is "impertinent" (as it "detracts from the dignity of the court"), and it is "scandalous" (as it "reflects cruelly upon [Collins'] moral character" ... and, even "if relevant, is gone into in unnecessary detail"). *See generally* 2A *Moore's Federal Practice* ¶ 12.21 at p. 2429 (1983) (footnotes omitted).

Moreover, upon careful review, the "Introduction" is so interwoven with scandalous, impertinent, and immaterial allegations that the disengagement of any relevant or material areas of appropriate allegations is virtually impossible. *See International Commodities Corp. v. International Ore & Fertilizer Corp.*, 30 F.R.D. 58, 60 (S.D. N.Y. 1961).

Accordingly, the undersigned recommends that the Court strike Allen's "Introduction" to the counterclaim.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion to dismiss defendant's counterclaim (doc. 16) be GRANTED in part and DENIED in part as follows:

   A. Count one of Defendant's counterclaim for attempted extortion should be DISMISSED;

   B. Count two of Defendant's counterclaim for frivolous conduct should be DISMISSED;

   C. Count three of Defendant's counterclaim for Rule 11 violation should be DISMISSED;

   D. Count four of Defendant's counterclaim for defamation should NOT BE DISMISSED; and

   E. Count five of Defendant's counterclaim should be DISMISSED.

2. Plaintiff's motion to strike the "Introduction" to defendant's counterclaim (doc. 16) should be GRANTED.


Date: March 16, 2005                                s/ Timothy S. Black
                                                    Timothy S. Black
                                                    United States Magistrate Judge