IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rebecca L. Collins,            )
                               )   Case No. 1:04-CV-572
            Plaintiff,         )
                               )
    vs.                        )
                               )
Michael K. Allen, *et al.*,    )
                               )
            Defendants.        )

### O r d e r

In August of 2004, Plaintiff Collins initiated this action for sex discrimination, sexual harassment, and retaliation against Defendants Michael Allen and the Hamilton County Board of County Commissioners.  After Ms. Collins amended her complaint, Defendant Allen filed an answer and asserted numerous counterclaims, including a claim for defamation, which is the only claim by Defendant Allen to have survived Ms. Collins' motion to dismiss.  Ms. Collins subsequently agreed to the settlement of her claims against Defendant Allen for the sum of $45,000 together with her reasonable attorneys' fees and costs to the date of the execution of the settlement.

On February 14, 2005, Plaintiff filed an application for attorneys' fees pursuant to her settlement agreement with Defendant Allen.  Three days later, she filed a motion for a judgment debtor examination of Defendant Allen and represented that Mr. Allen had not satisfied the judgment entered by this Court pursuant to the parties' settlement agreement.  Both of the motions by Plaintiff Collins are now fully-briefed.

After paying Plaintiff $45,000 pursuant to their settlement agreement and this Court's judgment, Defendant Allen filed a notice of satisfaction of judgment.  He represented that the $45,000 payment satisfied the judgment and asserted that Plaintiff's motion for a judgment debtor examination had been rendered moot.  He later substituted a memorandum in opposition to the motion for a judgment debtor examination in apparent recognition that his $45,000 payment had not fully satisfied the judgment, which also required him to pay reasonable attorneys' fees and costs.  At approximately the same time, Defendant Allen filed a motion for a more definite statement relating to Ms. Collins' fee application.  In support of that motion, he argued that neither he nor the Court could ascertain from the application and the exhibits appended thereto whether the requested fees were actually incurred in conjunction with the prosecution of Plaintiff's claims against Mr. Allen, as opposed to Mr. Allen's counterclaims or the Plaintiff's claims against the Board of County Commissioners.

In response to Defendant Allen's motion for a more definite statement, Plaintiff's counsel represent that the fees identified in the exhibits appended to Plaintiff's application relate only to the claims between Ms. Collins and Mr. Allen.  They specifically represent that no time expended on the prosecution of Plaintiff's claims against the Board of County Commissioners is included.  The Court accepts that representation.  The Court finds, however, that it is unable to

determine whether the documented time includes any expended in the defense of Defendant Allen's counterclaims.  None of Plaintiff's counsel's affidavits states affirmatively that such time was excluded, nor have Plaintiff's counsel argued that Plaintiff is entitled, in conformity with her settlement agreement with Defendant Allen, to recoup fees for time expended in the defense of the counterclaims.

The Court is persuaded that more specificity is required in Plaintiff's fee application.  The Court, therefore, **GRANTS** Defendant Allen's motion (Doc. 41) as follows:  on or before June 3, 2005, Plaintiff's counsel must file affidavits appending time records and stating affirmatively that the time represented in those records was expended in the prosecution of Ms. Collins' claims against Mr. Allen.  If counsel take the position that Ms. Collins is also entitled to recoup fees for time spent on the defense of Mr. Allen's counterclaims or on other matters reflected in the documentation presently on record but not directly necessitated by the prosecution of her claims against Defendant Allen, they must do so explicitly and identify the basis for that position.  If the total amount of fees requested is altered in any way as a result of the preparation of those affidavits, Plaintiff's counsel are directed to file an amended application for fees reflecting the new amount of the request.  Defendant Allen may, on or before June 27, 2005, file a memorandum in opposition to the June 3 filing by Plaintiff

Collins.  Plaintiff may file a reply memorandum on or before July 11, 2005.

This Court's decision upon Plaintiff's application for attorneys' fees (Doc. 29) is **HELD IN ABEYANCE** pending compliance with this Order.  Her motion for a judgment debtor examination (Doc. 30) is **DENIED** as premature.  She may renew that motion if Defendant Allen does not comply within a reasonable time after this Court issues an order on Plaintiff's application for attorneys' fees and costs.

**IT IS SO ORDERED.**

                          /s/
Sandra S. Beckwith, Chief Judge
United States District Court