IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rebecca L. Collins,            )
                               )   Case No. 1:04-CV-572
            Plaintiff,         )
                               )
    vs.                        )
                               )
Michael K. Allen, *et al.*,    )
                               )
            Defendants.        )

Memorandum and Order (including Show Cause Order)

      In April 2004, Plaintiff Collins initiated this action against former Hamilton County Prosecutor Michael Allen in his official and individual capacities and the Hamilton County Board of County Commissioners.  She asserted claims under federal and state anti-discrimination and anti-harassment statutes based upon alleged sexual harassment by Mr. Allen when he was her supervisor in the County Prosecutor's office.  She sued the Board of County Commissioners on a theory of derivative liability with respect to her claims against Defendant Allen in his official capacity and also, apparently, for its own actions.  On January 31, 2005, Plaintiff accepted Defendant Allen's offer of judgment with respect to all of her claims against him.  The Court entered judgment with respect to those claims pursuant to Plaintiff's acceptance of the offer of judgment.  Plaintiff Collins acknowledges that the offer and acceptance resolved all of her claims against Defendant Allen.

      On the basis of the entry of judgment with respect to Plaintiff Collins' claims against Defendant Allen in his official

capacity, Defendant Board of County Commissioners now seeks judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, with respect to Plaintiff's derivative claims against it.  Because of the derivative nature of those claims, the Board of County Commissioners argues, Plaintiff cannot establish liability against it separate from the liability of Defendant Allen in his official capacity.

Defendant Board of County Commissioners also seeks judgment on the pleadings with respect to Plaintiff's direct claims of sexual harassment and sex discrimination and retaliation on the ground that it has never been her employer or empowered by law to act with regard to her employment or that of Defendant Allen.  On that basis, the Board of County Commissioners argues that Plaintiff cannot establish direct liability for any of the alleged adverse employment actions she suffered at Defendant Allen's hands.

A motion for judgment on the pleadings pursuant to Rule 12(c) operates to test the sufficiency of the complaint.  The standard applicable to motions on the pleadings under Rule 12(c) is the same standard applicable to motions to dismiss under Rule 12(b)(6).  See Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998).  A motion to dismiss under Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of the claims that would entitle her to relief.

See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S 867 (1990).  However, the Court need not accept legal conclusions or unwarranted factual inferences as true.  See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, [and] items appearing in the record of the case . . . may be taken into account."  Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir. 1997).  Accordingly, in considering Defendant Board of County Commissioners' motion for judgment on the pleadings, the Court may properly take into account the existence and contents of the offer of judgment by Defendant Allen and the acceptance of that offer by Plaintiff.

With respect to Plaintiff's derivative claims against Defendant Board of County Commissioners, the Court first observes that Plaintiff has not objected to Defendant's characterization of those claims as being based upon the claims she asserted against Defendant Allen in his official capacity.  Indeed, in the Amended Complaint upon which the Board of County Commissioners bases its motion for judgment on the pleadings, Plaintiff defined Defendant Allen's official capacity as "agent for Defendant Hamilton County Board of County Commissioners."  Amended Complaint, ¶ 2. The Court is, therefore, satisfied that Plaintiff Collins intended to base her derivative claims against the Board

of County Commissioners upon Defendant Allen's alleged status as its agent.

In support of its motion for judgment on the pleadings, Defendant Board of County Commissioners argues that it exercised no control and had no power under the statutes governing counties in Ohio to exert control over Defendant Allen's activities in relation to his employees.  He was not, in other words, an agent of the Board of County Commissioners with respect to hiring and firing decisions or other employment-related actions.  The Board of County Commissioners supports that argument with references to the governing statutes, demonstrating that the Prosecuting Attorney himself is charged with responsibility for appointment and employment of assistant prosecutors and other employees under his supervision.  See Ohio Revised Code ("O.R.C.") § 309.06.  Moreover, responsibility for removal of the Prosecuting Attorney for neglect or misconduct is laid upon the taxpayers and not upon the Board of County Commissioners.  See O.R.C. § 309.05.

In response to the Board of County Commissioners' motion, Plaintiff has failed to identify any authority for the proposition that Defendant Allen acted as an agent of the Board of County Commissioners in his employment-related interactions with Plaintiff.  Being unaware otherwise of such authority, the Court concludes that Defendant Board of County Commissioners is entitled to judgment on the pleadings with respect to Plaintiff's derivative claims because those claims are based upon the

erroneous assertion that Defendant Allen acted as an agent of the Board of County Commissioners.

A second, independent but related, basis for an award of judgment on the pleadings in favor of the Board of County Commissioners with respect to Plaintiff's derivative claims arises from the statutory provision identifying the County Prosecutor as the hiring authority as regards employees in the Prosecuting Attorney's office. The Court has noted that Plaintiff's derivative claims against the Board of County Commissioners relate to her claims against Defendant Allen in his official capacity only. As regards those claims, Plaintiff specified in the Amended Complaint upon which the Board of County Commissioners' motion is based that she sought only equitable relief. See Amended Complaint, ¶ 2. The equitable relief for which Plaintiff prayed includes the granting of promotions and awarding of lost benefits.

Only the Prosecuting Attorney is authorized by Ohio law to promote or confer benefits upon an employee on his staff, however. Accordingly, even were the Court to have concluded that Plaintiff is entitled to equitable relief, it could not have compelled the Board of County Commissioners to take actions that it is not statutorily authorized to take. Because only the Prosecuting Attorney is empowered by Ohio law to promote an assistant prosecuting attorney or to confer benefits upon an employee in his office, Plaintiff cannot obtain from the Board of County Commissioners the equitable relief she seeks in the

5

Amended Complaint.  For that second reason, Defendant Board of County Commissioners' motion for judgment on the pleadings is **GRANTED** as it pertains to Plaintiff's derivative claims.

The Court further observes that Plaintiff has represented in her memorandum in opposition to the present motion that she is no longer employed by the Hamilton County Prosecuting Attorney.  Her prayer for equitable relief in the form of promotions and increased benefits is, therefore, moot, and subject to dismissal on that basis in addition to those set forth above.

As the Court stated in the introductory paragraphs of this Memorandum and Order, Plaintiff has also apparently asserted sexual harassment, sex discrimination, and retaliation claims against the Board of County Commissioners for its own actions.  She tacitly or impliedly alleges that the Board of County Commissioners is itself liable for the allegedly harassing, discriminatory, and retaliatory actions of Defendant Allen because it took no action to prevent or remedy them.

The Board of County Commissioners has addressed those claims as "direct" claims.  It has argued for judgment on the pleadings with respect to those claims on the ground that it was not actively involved in the actions upon which the claims are based and that it had no authority to prevent or remediate those actions.

Again, the Board of County Commissioners has supported its motion by reference to the governing provisions of Ohio law,

which establish that the Board of County Commissioners has no supervisory authority over the County Prosecuting Attorney or his staff.  Again, Plaintiff has failed to identify authority to the contrary.  The Court, being unaware of contrary authority, is compelled to grant Defendant Board of County Commissioners' motion for judgment on the pleadings, and that motion (Doc. 32) is hereby **GRANTED** in its entirety.

The Court observes that, after filing her memorandum in opposition to the motion for judgment on the pleadings, Plaintiff filed a motion to amend/correct the amended complaint upon which that motion was based.  The Court hereby **ORDERS** Plaintiff to **SHOW CAUSE**, on or before October 11, 2005, for the granting of that motion.  Specifically, the Court **ORDERS** Plaintiff to file a memorandum setting forth any authority that exists for maintenance of the claims in the proposed second amended complaint in light of the Court's analysis in this Memorandum and Order.  In the event that Plaintiff fails to timely comply with this Show Cause Order, the Court will deny the motion for leave to amend/correct the complaint.  In the event that she timely complies, Defendant Board of County Commissioners may file a reply memorandum on or before October 24, 2005.

**IT IS SO ORDERED.**

```
                        _____/s/_____
                        Sandra S. Beckwith, Chief Judge
                        United States District Court
```